UNITED STATES DISTRICT COURT

                                    EASTERN DISTRICT OF CALIFORNIA

JOEY ALVAREZ,                           ) Case No.: 1:19-cv-00003-SAB (PC)
                                        )
           Plaintiff,                   )
                                        ) SCREENING ORDER GRANTING PLAINTIFF
     v.                                 ) LEAVE TO FILE AN AMENDED COMPLAINT
                                        )
SILVA, et.al.,                          ) [ECF No. 11]
                                        )
           Defendants.                  )
                                        )
_____ )

Plaintiff Joey Alvarez is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the instant action on January 2, 2019.

Currently before the Court is Plaintiff's first amended complaint, filed January 28, 2019.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare

1

recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

The Court accepts Plaintiff's allegations in the complaint and first amended complaint as true *only* for the purpose of the screening requirement under 28 U.S.C. § 1915.

Plaintiff names correctional officers Silva and Rodriguez as Defendants. The events at issue in the complaint took place at Kings County Jail, but Defendants Silva and Rodriguez are employed at the California State Prison, Corcoran.

On or about October 27, 2018, Plaintiff was transported from Corcoran State Prison by Defendants Silva and Rodriguez to Kings County Jail. When Plaintiff arrived at the jail, he was placed inside of a holding cell by Defendants. Once Plaintiff was medically cleared by medical staff, officers Silva and Rodriguez approached Plaintiff's cell. Plaintiff was attacked by both Silva and Rodriguez. Plaintiff was taken to the ground and landed on his face suffering a hematoma on the right side of his forehead, and he was punched several times. Plaintiff never received any warning commands before being tased by three different people at the same time.

///

///

2

Plaintiff was taken to the emergency room and treated for a broken bone in his right wrist. Plaintiff was supposed to be housed in an infirmary, but instead he was placed in a different part of the jail and did not receive proper medical treatment.

## III.

## DISCUSSION

### A. Excessive Force

When prison officials use excessive force against prisoners, they violate the inmates' Eighth Amendment right to be free from cruel and unusual punishment." Clement v. Gomez, 298 F.3d 898, 903 (9th Cir. 2002). In order to establish a claim for the use of excessive force in violation of the Eighth Amendment, a plaintiff must establish that prison officials applied force maliciously and sadistically to cause harm, rather than in a good-faith effort to maintain or restore discipline. Hudson v. McMillian, 503 U.S. 1, 6–7 (1992). In making this determination, the court may evaluate (1) the need for application of force, (2) the relationship between that need and the amount of force used, (3) the threat reasonably perceived by the responsible officials, and (4) any efforts made to temper the severity of a forceful response. Id. at 7; see also id. at 9-10 ("The Eighth Amendment's prohibition of cruel and unusual punishment necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." (internal quotation marks and citations omitted)).

Plaintiff fails to set forth sufficient factual detail surrounding the alleged use of force in order to determine whether he has stated a plausible claim for relief. Plaintiff's allegations fail to demonstrate that Defendants used force maliciously and sadistically to cause Plaintiff harm, rather than in a good-faith effort to maintain or restore discipline. Indeed, Plaintiff does not provide what if any reasons were given by Defendants for their actions, whether Defendants engaged in other conduct to defuse the use of force, how much force was used, or why Plaintiff believes the amount of force was excessive. The facts as alleged fail to give rise to a plausible inference that the actions of Defendants were malicious and sadistic for the purpose of causing harm to Plaintiff. Accordingly, Plaintiff fails to state a cognizable excessive force claim.

///

**B.     Retaliation**

"Prisoners [and pretrial detainees] have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)). Also protected by the First Amendment is the right to pursue civil rights litigation in federal court without retaliation. Silva v. Di Vittorio, 658 F.3d 1090, 1104 (9th Cir. 2011). "Within the prison [pretrial] context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Although Plaintiff claims that he was subjected to an assault in retaliation, he fails to demonstrate that any adverse action was because of the exercise of any constitutional right. Accordingly, Plaintiff fails to state a cognizable claim for retaliation.

**C.     Deliberate Indifference to Serious Medical Need**

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

1     "A difference of opinion between a physician and the prisoner - or between medical professionals - concerning what medical care is appropriate does not amount to deliberate indifference." Snow, 681 F.3d at 987 (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Wilhelm, 680 F.3d at 1122-23 (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332) (internal quotation marks omitted). In addition, mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle v. Gamble, 429 U.S. 97, 105-06 (1976)). "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; Snow, 681 F.3d at 987-88; Wilhelm, 680 F.3d at 1122 ("The deliberate indifference doctrine is limited in scope.").

    Plaintiff summarily claims that he was not provided medical treatment following the altercation with officers. However, Plaintiff fails to demonstrate that any Defendant knew of and disregarded an excessive risk to his medical condition. Indeed, Plaintiff acknowledges that he was taken to the emergency room. Accordingly, Plaintiff fails to state a cognizable claim for deliberate indifference.

## IV.

## CONCLUSION AND ORDER

    For the reasons discussed, Plaintiff shall be granted leave to file an amended complaint to cure the deficiencies identified in this order. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

    Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted). Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

///

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. <u>Lacey v. Maricopa Cnty.</u>, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint;
3. Plaintiff's amended complaint shall not exceed twenty-five (25) pages in length; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend to a district judge that this action be dismissed consistent with the reasons stated in this order.

IT IS SO ORDERED.

Dated: **March 1, 2019**

UNITED STATES MAGISTRATE JUDGE