# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

JOEY ALVAREZ,

        Plaintiff,

v.

SILVA, et.al.,

        Defendants.

Case No.: 1:19-cv-00003-DAD-SAB (PC)

FINDINGS AND RECOMMENDATION RECOMMENDING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT BE DENIED

[ECF No. 30]

Plaintiff Joey Alvarez is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for summary judgment, filed October 3, 2019. Because Plaintiff's motion is procedurally defective, the Court does not need a response from Defendants prior to issuance of the instant Findings and Recommendation.

**I.**

**DISCUSSION**

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); Washington Mut. Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including

but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The Court may consider other materials in the record not cited to by the parties, but it is not required to do so. Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010). Plaintiff moves for summary judgment on his due process claim against Defendants.

Plaintiff's motion for summary judgment is wholly defective in that Plaintiff fails simply filed a single page requesting summary judgment. (ECF No. 30.) Local Rule 260 specifically provides that every motion for summary judgment shall be accompanied by a Statement of Undisputed Facts that shall "enumerate discretely each of the specific material facts relied upon in support of the motion and cite the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon to establish that fact." Local Rule 260(a); Fed. R. Civ. P. 56(c). Plaintiff's document is nothing more than a statement requesting summary judgment. The parties bear the burden of supporting their motion and opposition with the papers they wish the Court to consider and/or by specifically referencing any other portions of the record they wish the Court to consider. Fed. R. Civ. P. 56(c); Carmen v. San Francisco Unified School Dist., 237 F.3d 1026, 1031 (9th Cir. 2001). The Court will not undertake to mine the record for triable issues of fact. In re Oracle Corp. Securities Litigation, 627 F.3d 376, 386 (9th Cir. 2010); Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010); Carmen v. San Francisco Unified School Dist., 237 F.3d at 1031. Thus, Plaintiff, as the moving party, has failed to produce evidence to meet his initial burden of proof, and the burden therefore has not shifted to Defendants. Accordingly, Plaintiff's motion for summary judgment must be denied.

///
///
///
///
///

## II.

## RECOMMENDATION

Based on the foregoing, Plaintiff's motion for summary judgment, filed on October 3, 2019, should be denied in its entirety.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with this Findings and Recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 4, 2019**

UNITED STATES MAGISTRATE JUDGE