# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEY ALVAREZ,<br><br>        Plaintiff,<br><br>    v.<br><br>SILVA, et.al.,<br><br>        Defendants. | Case No.: 1:19-cv-00003-DAD-SAB (PC)<br><br>ORDER REQUIRING PLAINTIFF TO PROVIDE FURTHER INFORMATION REGARDING DEFENDANT RODRIGUEZ IN ORDER TO EFFECTUATE SERVICE OF SUMMONS AND COMPLAINT<br><br>[ECF No. 32] |

Plaintiff Joey Alvarez is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On July 10, 2019, the Court found that service of Plaintiff's second amended complaint was appropriate as to Defendants Silva and Rodriguez for excessive force in violation of the Eighth amendment. (ECF No. 21.)

On July 31, 2019, pursuant to the E-Service pilot program for civil rights cases in the Eastern District of California, the California Department of Corrections and Rehabilitation returned a notice of intent to not waive personal service on Defendant Rodriguez because there was no such employee with this name on staff at the time of the incident. Therefore, service was forwarded to the United States Marshals Service.

///

///

1

On November 1, 2019, the United States Marshal returned the USM-285 form as unexecuted with a notation that California State Prison, Corcoran cannot accept service because "per the assignment office, at CSP-Corcoran, there was no staff by the name of Rodriguez on the transport on the date provided." (ECF No. 32.)

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In cases involving a plaintiff proceeding in forma pauperis, the Marshal, upon order of the Court, shall serve the summons and the complaint. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and [he] should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties." Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (internal quotations and citation omitted), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is automatically good cause. . . ." Id. (internal quotations and citation omitted). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's *sua sponte* dismissal of the unserved defendants is appropriate. Id. at 1421-22.

At this time, the United States Marshal cannot serve Defendant Rodriguez without further identifying information. Therefore, the Court finds that is appropriate to require Plaintiff to provide the Court with further information sufficient to identify Defendant Rodriguez for service of process. Accordingly, it is HEREBY ORDERED that, within **thirty (30) days** from the date of service of this order, Plaintiff shall file a written response providing the Court with further information regarding Defendant Rodriguez's identity so that the U.S. Marshal can effect service of the summons and

complaint on Defendant Rodriguez.  <u>Plaintiff's failure to respond to this order will result in a recommendation to a district judge that Defendant Rodriguez be dismissed from this action</u>.

IT IS SO ORDERED.

Dated:   **November 6, 2019**

_____
UNITED STATES MAGISTRATE JUDGE