# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEY ALVAREZ,<br><br>        Plaintiff,<br><br>    v.<br><br>SILVA, et.al.,<br><br>        Defendants. | Case No.: 1:19-cv-00003-DAD-SAB (PC)<br><br>THIRD ORDER DIRECTING SERVICE ON DEFENDANT OFFICER RODRIGUEZ<br><br>[ECF No. 40] |

Plaintiff Joey Alvarez is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On July 10, 2019, the Court found that service of Plaintiff's second amended complaint was appropriate as to Defendants Silva and Rodriguez for excessive force in violation of the Eighth amendment. (ECF No. 21.)

On July 31, 2019, pursuant to the E-Service pilot program for civil rights cases in the Eastern District of California, the California Department of Corrections and Rehabilitation returned a notice of intent to not waive personal service on Defendant Angelina because there was no such employee with this name in the mailroom. Therefore, service was forwarded to the United States Marshals Service.

///
///
///

On November 1, 2019, the United States Marshal returned the USM-285 form as unexecuted with a notation that California State Prison, Corcoran cannot accept service because "per the assignment office, at CSP-Corcoran, there was no staff by the name of Rodriguez on the transport on the date provided." (ECF No. 32.)

On November 7, 2019, the Court directed Plaintiff to provide further information regarding Defendant Rodriguez in order to effectuate service of the summons and complaint. (ECF No. 33.)

On November 18, 2019, Plaintiff filed a response. (ECF No. 34.) Plaintiff submitted that identity of officer Rodriguez could be obtained by contacting the Kings County Sheriff's Department and reviewing the log books. Therefore, on November 21, 2019, the Court issued a second order directing service by the United States Marshal on Defendant Rodriguez with the additional information provided by Plaintiff. (ECF No. 35.)

On December 2, 2019, the summons was returned unexecuted, with a notation that "Per Lt. Thomas at King Co. Jail: 'I have reviewed the attachments that you sent me (court orders and complaint) as well as our records for that day and do not show anyone by the name of Rodriguez working in that area of the jail at the date and time the incident occurred. The booking area also does not keep logs of agencies who enter and exit the booking area.'" (ECF No. 36.)

On December 4, 2019, the Court issued an order to show cause why Defendant Rodriguez should not be dismissed pursuant to Rule 4. (ECF No. 37.)

On December 26, 2019, Plaintiff filed a "motion for continuance to help locate Defendant [Rodriguez]." (ECF No. 40.) Plaintiff submits that the incident at issue occurred on October 27, 2018, at Kings County Jail and attaches an incident report which includes the names of other individuals involved who may have additional information regarding the identity of officer Rodriguez. (Id.) The Court will forward this information to the United States Marshal who shall contact the Litigation Coordinator at the Kings County Jail to attempt to ascertain the identity of officer Rodriguez who transported Plaintiff on October 27, 2018, at approximately 1215 hours to the Kings County Jail.

///
///

Accordingly, pursuant to Federal Rule of Civil Procedure 4(c), it is HEREBY ORDERED that:

1. The Clerk of Court shall forward a copy of Plaintiff's response filed on December 26, 2019 (ECF No. 40) to the United States Marshal.
2. Within ten days from the date of this order, the Marshals Service is directed to notify the following Defendant of the commencement of this action and to request a waiver of service in accordance with the provisions of Fed. R. Civ. P. 4(d) and 28 U.S.C. § 566(c):

   **Officer Rodriguez who transported Plaintiff on October 27, 2018, at approximately 1215 hours to the Kings County Jail.**
3. The Marshal Service shall file the returned waivers of service, or the requests for waiver of service if returned as undelivered, once received.
4. The Marshals Service shall command all necessary assistance from the Kings County Jail to identify and locate the above Defendant for service.
5. If a waiver of service is not returned by a Defendant within sixty days of the date of mailing the request for waiver, the Marshals Service shall:

   a. Personally serve process and a copy of this order upon the Defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c), and shall command all necessary assistance from the King County Jail to execute this order.

   b. Within ten days after personal service is effected, the Marshals Service shall file the return of service, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service. These costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshals Service for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against each personally served Defendant in accordance with the provisions of Fed. R. Civ. P. 4(d)(2).

///
///
///

6. In the event that a Defendant either waives service or is personally served, the Defendant is required to reply to the complaint. 42 U.S.C. § 1997e(g)(2).

IT IS SO ORDERED.

Dated: **January 8, 2020**

_____
UNITED STATES MAGISTRATE JUDGE