1
2
3
4
5
6
7
8                              **UNITED STATES DISTRICT COURT**
9                              **EASTERN DISTRICT OF CALIFORNIA**
10
11  JOEY ALVAREZ,                          ) Case No.: 1:19-cv-00003-DAD-SAB (PC)
                                           )
12              Plaintiff,                 )
                                           ) SECOND AND FINAL ORDER TO SHOW
13       v.                                ) CAUSE WHY DEFENDANT RODRIGUEZ
                                           ) SHOULD NOT BE DISMISSED FROM THE
14  SILVA, et.al.,                         ) ACTION PURSUANT TO FEDERAL RULE OF
                                           ) CIVIL PROCEDURE 4(M)
15              Defendants.                )
                                           ) [ECF No. 47]
16                                         )

17       Plaintiff Joey Alvarez is appearing pro se and in forma pauperis in this civil rights action
18  pursuant to 42 U.S.C. § 1983.
19       On July 10, 2019, the Court found that service of Plaintiff's second amended complaint was
20  appropriate as to Defendants Silva and Rodriguez for excessive force in violation of the Eighth
21  amendment. (ECF No. 21.)
22       On July 31, 2019, pursuant to the E-Service pilot program for civil rights cases in the Eastern
23  District of California, the California Department of Corrections and Rehabilitation returned a notice of
24  intent to not waive personal service on Defendant Angelina because there was no such employee with
25  this name in the mailroom. Therefore, service was forwarded to the United States Marshals Service.
26       On November 1, 2019, the United States Marshal returned the USM-285 form as unexecuted
27  with a notation that California State Prison, Corcoran cannot accept service because "per the
28

                                                   1

assignment office, at CSP-Corcoran, there was no staff by the name of Rodriguez on the transport on the date provided." (ECF No. 32.)

On November 7, 2019, the Court issued an order directing Plaintiff to provide further information regarding the identify of Defendant in order to effectuate service of the summons and complaint. (ECF No. 33.) Plaintiff filed a response on November 18, 2019, and provided additional information relating to Defendant Rodriguez. (ECF No. 34.)

On November 21, 2019, the Court issued a second order directing service by the United States Marshal on Defendant Rodriguez with the additional information provided by Plaintiff. (ECF No. 35.)

On December 2, 2019, the summons was returned unexecuted, with a notation that "Per Lt. Thomas at King Co. Jail: 'I have reviewed the attachments that you sent me (court orders and complaint) as well as our records for that day and do not show anyone by the name of Rodriguez working in that area of the jail at the date and time the incident occurred. The booking area also does not keep logs of agencies who enter and exit the booking area.'" (ECF No. 36.)

On December 4, 2019, the Court issued an order to show cause why Defendant Rodriguez should not be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. (ECF No. 37.) Plaintiff filed a response to the order to show cause on December 26, 2019. (ECF No. 40.)

On January 8, 2020, the Court issued a third order directing service on Defendant Rodriguez with the additional information and documentation provided by Plaintiff in his response to the order to show cause. (ECF No. 41.)

On February 18, 2020, the summons was returned unexecuted, which noted the following:

> 2/13/20 – Per Lt. Thomas "I reviewed my staff's incident reports again and have no further information regarding an officer Rodriguez. It appears that inmate Alvarez is referring to the CDC staff who transported him to the jail the day the assault took place. Since they are not Sheriff's office employees, I have no way of validating or providing him with what he is requesting. This continued request for CDC staff information I would think should be made to the institution in question where inmate Alvarez was transferred from. Due to the incident resulting in a CDCR staff being assaulted, Department of Corrections leads the investigation not the Kings County Sheriff's Office.

(ECF No. 47).

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In cases involving a plaintiff proceeding in forma pauperis, the Marshal, upon order of the Court, shall serve the summons and the complaint. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and [he] should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties." Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (internal quotations and citation omitted), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is automatically good cause. . . ." Walker, 14 F.3d at 1422 (internal quotations and citation omitted). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendants is appropriate. Walker, 14 F.3d at 1421-22.

At this juncture, the Court is unable to serve Defendant Rodriguez. Plaintiff shall be provided with **one final** opportunity to show cause why this Defendant should not be dismissed. Fed. R. Civ. P. 4(m). Plaintiff may comply with this order by providing further information sufficient to identify this Defendant for service of process, such as an alternate spelling of the last name or a first initial. Plaintiff is advised to carefully review and follow the directive provided on the summons that was returned unexecuted on February 18, 2020. (ECF No. 47.) If Plaintiff either fails to respond to this order or responds but fails to show cause, this Defendant shall be dismissed from this action, without prejudice.

///

///

///

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Within thirty (30) days from the date of service of this order, Plaintiff shall show cause why Defendant Rodriguez should not be dismissed from this action; and

2. <u>The failure to respond to this order or the failure to show cause will result in the dismissal of Defendant Rodriguez from this action</u>.

IT IS SO ORDERED.

Dated: __**February 20, 2020**__

UNITED STATES MAGISTRATE JUDGE