| | |
|---|---|
| | |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEY ALVAREZ,<br><br>    Plaintiff,<br><br>    v.<br><br>SILVA, et.al.,<br><br>    Defendants. | Case No.: 1:19-cv-00003-DAD-SAB (PC)<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE AND GRANTING PLAINTIFF SIXTY ADDITIONAL DAYS TO ASCERTAIN THE IDENTITY OF DEFENDANT RODRIGUEZ<br><br>[ECF No. 48] |

Plaintiff Joey Alvarez is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On July 10, 2019, the Court found that service of Plaintiff's second amended complaint was appropriate as to Defendants Silva and Rodriguez for excessive force in violation of the Eighth amendment. (ECF No. 21.)

On July 31, 2019, pursuant to the E-Service pilot program for civil rights cases in the Eastern District of California, the California Department of Corrections and Rehabilitation returned a notice of intent to not waive personal service on Defendant Angelina because there was no such employee with this name in the mailroom. Therefore, service was forwarded to the United States Marshals Service.

On November 1, 2019, the United States Marshal returned the USM-285 form as unexecuted with a notation that California State Prison, Corcoran cannot accept service because "per the

1

assignment office, at CSP-Corcoran, there was no staff by the name of Rodriguez on the transport on the date provided." (ECF No. 32.)

On November 7, 2019, the Court issued an order directing Plaintiff to provide further information regarding the identify of Defendant in order to effectuate service of the summons and complaint. (ECF No. 33.) Plaintiff filed a response on November 18, 2019, and provided additional information relating to Defendant Rodriguez. (ECF No. 34.)

On November 21, 2019, the Court issued a second order directing service by the United States Marshal on Defendant Rodriguez with the additional information provided by Plaintiff. (ECF No. 35.)

On December 2, 2019, the summons was returned unexecuted, with a notation that "Per Lt. Thomas at King Co. Jail: 'I have reviewed the attachments that you sent me (court orders and complaint) as well as our records for that day and do not show anyone by the name of Rodriguez working in that area of the jail at the date and time the incident occurred. The booking area also does not keep logs of agencies who enter and exit the booking area.'" (ECF No. 36.)

On December 4, 2019, the Court issued an order to show cause why Defendant Rodriguez should not be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. (ECF No. 37.) Plaintiff filed a response to the order to show cause on December 26, 2019. (ECF No. 40.)

On January 8, 2020, the Court issued a third order directing service on Defendant Rodriguez with the additional information and documentation provided by Plaintiff in his response to the order to show cause. (ECF No. 41.)

On February 18, 2020, the summons was returned unexecuted, which noted the following:

2/13/20 – Per Lt. Thomas "I reviewed my staff's incident reports again and have no further information regarding an officer Rodriguez. It appears that inmate Alvarez is referring to the CDC staff who transported him to the jail the day the assault took place. Since they are not Sheriff's office employees, I have no way of validating or providing him with what he is requesting. This continued request for CDC staff information I would think should be made to the institution in question where inmate Alvarez was transferred from. Due to the incident resulting in a CDCR staff being assaulted, Department of Corrections leads the investigation not the Kings County Sheriff's Office.

(ECF No. 47).

On February 20, 2020, the Court issued a second and final order to show cause why Defendant Rodriguez should not be dismissed pursuant to Rule 4(m).

Plaintiff filed a response to the order on March 5, 2020.

In his March 5, 2020 response to the Court's order, Plaintiff states At this juncture, the U.S. Marshal's Office has exhausted the avenues available to it in attempting to identify, locate and serve Defendant Rodriguez. It is Plaintiff's obligation to provide the information necessary to identify and locate Defendant Rodriguez, which at this time, he is apparently unable to do. However, since discovery is open, Plaintiff will be afforded sixty (60) additional days to serve discovery requests in an attempt to obtain further identify information regarding Defendant Rodriguez. Fed. R. Civ. P. 30, 33, 34 and 36. Therefore, Plaintiff is granted sixty (60) days to attempt to obtain further information regarding Defendant Rodriguez that will permit service of process.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Court's February 20, 2020 order to show cause is discharged;
2. Plaintiff is granted sixty (60) days from the date of service of this order to provide further information regarding Defendant Rodriguez for service of process; and
3. The failure to identify and serve Defendant Rodriguez will result in dismissal of this Defendant, without prejudice.

IT IS SO ORDERED.

Dated: **March 9, 2020**

UNITED STATES MAGISTRATE JUDGE