1

2

3

4

5

6

7

8                                 **UNITED STATES DISTRICT COURT**

9                                **EASTERN DISTRICT OF CALIFORNIA**

10

11    JOEY ALVAREZ,                              )    Case No.: 1:19-cv-00003-DAD-SAB (PC)
                                                 )
12                        Plaintiff,             )
                                                 )    FINDINGS AND RECOMMENDATION
13            v.                                 )    RECOMMENDING DISMISSAL OF
                                                 )    DEFENDANT RODRIGUEZ PURSUANT TO
14    SILVA, et.al.,                             )    RULE 4(M)
                                                 )
15                        Defendants.            )    [ECF No. 53]
                                                 )
16    _____ )

17            Plaintiff Joey Alvarez is appearing *pro se* and *in forma pauperis* in this civil rights action

18    pursuant to 42 U.S.C. § 1983.

19                                                **I.**

20                                          **DISCUSSION**

21            On July 10, 2019, the Court found that service of Plaintiff's second amended complaint was

22    appropriate as to Defendants Silva and Rodriguez for excessive force in violation of the Eighth

23    amendment.  (ECF No. 21.)

24            On July 31, 2019, pursuant to the E-Service pilot program for civil rights cases in the Eastern

25    District of California, the California Department of Corrections and Rehabilitation returned a notice of

26    intent to not waive personal service on Defendant Angelina because there was no such employee with

27    this name in the mailroom.  Therefore, service was forwarded to the United States Marshals Service.

28

                                                    1

On November 1, 2019, the United States Marshal returned the USM-285 form as unexecuted with a notation that California State Prison, Corcoran cannot accept service because "per the assignment office, at CSP-Corcoran, there was no staff by the name of Rodriguez on the transport on the date provided."  (ECF No. 32.)

On November 7, 2019, the Court issued an order directing Plaintiff to provide further information regarding the identify of Defendant in order to effectuate service of the summons and complaint.  (ECF No. 33.)  Plaintiff filed a response on November 18, 2019, and provided additional information relating to Defendant Rodriguez.  (ECF No. 34.)

On November 21, 2019, the Court issued a second order directing service by the United States Marshal on Defendant Rodriguez with the additional information provided by Plaintiff.  (ECF No. 35.)

On December 2, 2019, the summons was returned unexecuted, with a notation that "Per Lt. Thomas at King Co. Jail: 'I have reviewed the attachments that you sent me (court orders and complaint) as well as our records for that day and do not show anyone by the name of Rodriguez working in that area of the jail at the date and time the incident occurred.  The booking area also does not keep logs of agencies who enter and exit the booking area.'" (ECF No. 36.)

On December 4, 2019, the Court issued an order to show cause why Defendant Rodriguez should not be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.  (ECF No. 37.) Plaintiff filed a response to the order to show cause on December 26, 2019.  (ECF No. 40.)

On January 8, 2020, the Court issued a third order directing service on Defendant Rodriguez with the additional information and documentation provided by Plaintiff in his response to the order to show cause.  (ECF No. 41.)

On February 18, 2020, the summons was returned unexecuted, which noted the following:

2/13/20 – Per Lt. Thomas "I reviewed my staff's incident reports again and have no further information regarding an officer Rodriguez.  It appears that inmate Alvarez is referring to the CDC staff who transported him to the jail the day the assault took place.  Since they are not Sheriff's office employees, I have no way of validating or providing him with what he is requesting.  This continued request for CDC staff information I would think should be made to the institution in question where inmate Alvarez was transferred from.  Due to the incident resulting in a CDCR staff being assaulted, Department of Corrections leads the investigation not the Kings County Sheriff's Office.

2

(ECF No. 47).

On February 20, 2020, the Court issued a second and final order to show cause why Defendant Rodriguez should not be dismissed pursuant to Rule 4(m).

Plaintiff filed a response to the order on March 5, 2020.  (ECF No. 52.)  On March 10, 2020, the Court discharged the order to show cause and granted Plaintiff sixty days to conduct discovery to identify Defendant Rodriquez.  (ECF No. 53.)  Plaintiff has not responded to the Court's March 10, 2020 order and the time to do so has expired.  Plaintiff was advised that the failure to identify and serve Defendant Rodriguez will result in dismissal of this Defendant, without prejudice.  (Id.)

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In cases involving a plaintiff proceeding in forma pauperis, the Marshal, upon order of the Court, shall serve the summons and the complaint. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and [he] should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties." Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (internal quotations and citation omitted), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is automatically good cause. . . ." Walker, 14 F.3d at 1422 (internal quotations and citation omitted). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendants is appropriate. Walker, 14 F.3d at 1421-22.

At this juncture, the United States Marshal's office has exhausted the avenues available to it in attempting to locate and serve Defendant Rodriguez.  It is Plaintiff's obligation to proceed information

necessary to identify and locate a given defendant—which Plaintiff has not done and is apparently unable to do.  Accordingly, dismissal of Defendant Rodriguez for failure to serve is warranted.

**II.**

**RECOMMENDATION**

Based on the foregoing, it is HEREBY RECOMMENDED that Defendant Rodriguez be dismissed from the action, without prejudice, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 30, 2020**

UNITED STATES MAGISTRATE JUDGE